[Crim. No. 5544. Second Dist., Div. Three. May 8, 1956.]

THE PEOPLE, Respondent, v. LAURA
SHEPHERD, Appellant

Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn,
Assistant Attorney General and Raymond Momboisse, Deputy
Attorney General, for Respondent.

SHINN, P. J.—Laura Shepherd and Delores Brown were
convicted in a nonjury trial of grand theft of money from
Nina Tolle and also from Charles G. Hall. It was alleged
that Mrs. Brown had suffered a former conviction of felony,
which was found to be true. There was evidence of the
following facts: Nina Tolle, 78 years of age, was accosted
by Mrs. Shepherd in a Woolworth store on Crenshaw Boule-
vard in Los Angeles. Mrs. Shepherd is a Caucasian and was
unknown to Mrs. Tolle at the time. Mrs. Shepherd repre-
sented that a colored woman, Mrs. Brown, had found a
package containing a large sum of money and also some pari-
mutuel race tickets, and was uncertain as to what she should
do with the money. Mrs. Brown appeared, confirmed the
statements of Mrs. Shepherd, represented that she had dis-
cussed the matter with her employer. Her employer told her
that it was "bookie money" and the man who lost it would

be afraid to advertise for it; she said she would divide the money and give $1,000 to Mrs. Shepherd and $1,000 to Mrs. Tolle but that they must place in the hands of her employer enough money to make good to anyone who might claim the money within three months. Mrs. Shepherd gave to Mrs. Brown what appeared to be a roll of bills. Mrs. Tolle was convinced that it was a reasonable proposition; on the following morning she withdrew $3,000 from the bank, met Mrs. Shepherd and Mrs. Brown, gave Mrs. Brown the money, which the latter said she would take to her employer. She left, saying she would bring back and divide the money she had found, which she had left with her employer; she gave Mrs. Tolle the office address of the supposed employer, telling her that he wished to see her. Mrs. Tolle left, endeavored to locate the street number and found there was no such number. When she returned to report to her new friends they had disappeared. She positively identified them at the trial as the women who took her money. Mr. Fodor, a vice-president of the institution where Mrs. Tolle maintained a savings account testified that she drew $3,000 from the account on the date of her meeting with the defendants.

Mr. Hall had an experience with the defendants several days before Mrs. Tolle made their acquaintance. He was then seated in a chair in front of a Penney store in Culver City. Mrs. Shepherd approached him, being attracted to him, she said, because he looked so much like her father. Mr. Hall was evidently well along in years, and he became interested in talking with Mrs. Shepherd because he was a retired farmer from Arkansas and Mrs. Shepherd's husband, so she said, had been engaged in the dairy business and the propagation of fowls. Mrs. Brown appeared on the scene and after conversing with her Mrs. Shepherd confided to Mr. Hall that Mrs. Brown had found a large amount of money and did not know what to do with it. Mr. Hall, whose son used to be a policeman, advised that the police be notified but Mrs. Shepherd said that Mrs. Brown wished to divide the money between herself, Mrs. Shepherd and Hall and would give the latter two $1,000 each. Hall said ''. . . if it was good money I wouldn't mind having it, but that if it wasn't, I didn't want it.'' Mrs. Brown said she would go and see her boss and she left and returned saying her boss was going to keep the money for the protection of the person who had lost it. She said her boss wanted to talk to Mrs. Shepherd and Hall; Mrs. Shepherd left but soon returned

and said it was all right. Mrs. Shepherd gave Mrs. Brown a sum of money. Apparently Mrs. Brown left again to talk to her employer and when she returned she said to Mrs. Shepherd "Here is your money" and "Here is your thousand dollars." In the meantime Mr. Hall had drawn $365 from a bank and had given it to Mrs. Shepherd to give to Mrs. Brown to carry to her employer. Mrs. Brown told Hall to talk to her employer and told him where to go to get back his $365 plus $1,000; that he would know the place because as he walked in he would see her picture hanging on the wall. He went to the address given him "but it wasn't there." When he returned to report the mistake in the address he discovered that the defendants had not waited for him. He identified them both at the trial as the women who had taken his money. Police Officer Morrissey had conversations with Mrs. Shepherd in a police car in front of her residence and at the police station, in which Mrs. Shepherd said the money they had taken from a man in Culver City was split but that she would not tell with whom it was divided. He testified that in another conversation Mrs. Brown said the $3,000 they got "out of the Crenshaw job" was divided with a person named Laura. Mr. Howard, another police officer, testified he had a conversation with defendant Brown in the city jail and that Mrs. Brown said she had split the $3,000 with Mrs. Shepherd, which Mrs. Shepherd, being present, did not deny. The defendants did not testify or offer any evidence in their behalf. Defendant Shepherd applied for probation, which was denied, and she was sentenced to the California Institution for Women, the sentences to run concurrently. She appeals from the judgment.

It is stated in the briefs of appellant that in order to sustain a charge of theft it is necessary to prove that the personal property of another was stolen, or misappropriated in violation of a trust, or obtained by a false representation or pretense. (See Pen. Code, § 484.) It is argued that the evidence was insufficient to prove larceny, it was insufficient to prove embezzlement and it was insufficient to prove obtaining money by false representation or pretense or by trick and device. It is stated that there was no evidence that the money had not been found in the two instances as represented to the complaining witnesses and that, after all, the defendants could be guilty of nothing more than a failure to keep their promise to return to Mrs. Tolle and Mr. Hall the sums they

had parted with, plus $1,000; therefore the defendants were not shown to have committed any crime.

There was conclusive evidence that defendants were guilty of shameful thefts of the savings of two old and innocent people. If the facts did not fit one form of grand theft they fitted another. Since defendants had no avenue of escape it is immaterial which route they took to prison. (*People* v. *Broes*, 138 Cal.App.2d 843 [292 P.2d 556].)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.